NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3059

ERICKA L. OWENS,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Ericka L. Owens, of Kenosha, Wisconsin, pro se.

Anuj Vohra, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC,  for respondent.  With him on the brief were Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Arbitrator's decision

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3059

ERICKA L. OWENS,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Petition for review of an arbitrator's decision in FMCS No. 07-60557 by Sinclair Kossoff.

_____

DECIDED:  June 4, 2009

_____

Before LINN, DYK, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner Ericka Owens appeals an arbitration decision finding that she is not entitled to back pay for the period between September 10, 2007 and September 26, 2008, during which time she was improperly terminated from her employment with the Department of the Navy.  We <u>affirm</u> the decision of the arbitrator.

## I.  BACKGROUND

Ms. Owens was employed in the Department of the Navy's Drug Screening Laboratory as a Physical Science Technician since 2003.  Due to severe fibromyalgia, Ms. Owens was granted twelve weeks of paid leave in 2006 and 2007 under the Family

and Medical Paid Leave Act of 1993 ("FMLA"). Upon requests from her supervisors, Ms. Owens provided medical documentation of her condition and inability to work.

On June 6, 2007, Ms. Owens's supervisor sent her a letter informing her that her FMLA leave had expired. The letter requested medical documentation by July 13, 2007, supporting any further leave and a medical opinion stating when she could return to work and whether any special accommodations would be needed. The letter listed specific questions for a doctor to answer. The letter also stated that that the Agency is not obligated to approve leave without pay.

On July 12, 2007, Ms. Owens provided her employer a doctor's note advising her to stay "off work" from August 1, 2007 to September 1, 2007. The letter provided no further assessment of her condition.

On July 31, 2007, Ms. Owens sent a personal letter to her supervisor explaining that her condition was still serious, that she was on several medications, and that she forwarded the request for medical documentation to her doctor. She explained that she followed up with several phone calls to her doctor's office, but the doctor had not responded.

On August 8, 2007, Ms. Owens provided her employer a doctor's note directing her to refrain from work for four more weeks. The note indicated that after four weeks she "would be able to return to work on a part time schedule". The note also stated that the part-time schedule would be reassessed every four weeks, indefinitely. Her prognosis was described as "guarded."

On August 29, 2007, the Navy sent Ms. Owens a proposed removal memorandum notifying her that she would be removed from service on September 7,

2007 for failure to follow leave procedures, particularly, failing to submit a doctor's note answering the questions from the June 29 notice and opining on whether and when she can return to work and whether she will require special accommodations.

Ms. Owens was removed from employment on September 7, 2007. She appealed the action through arbitration. The arbitrator found her medical excuse adequate for leave, and that the employer failed to show just and sufficient cause for her termination. The arbitrator ordered the employer to reinstate Ms. Owens's position upon her submission of medical clearance from a doctor. If Ms. Owens could not obtain medical clearance, then the Navy was to reinstate her as an employee on unpaid medical leave until her employment status was properly resolved. Ms. Owens submitted medical clearance for unrestricted full-time employment on September 26, 2008. She was subsequently reinstated to her previous full-time position.

In addition to challenging her grounds for termination, Ms. Owens requested in arbitration an award of back pay and a make whole order. The arbitrator denied this request. The arbitrator found that under Ms. Owens's union's collective bargaining agreement, an employee returning from sick leave must submit a doctor's work release clearing the employee to return to work with no limitations, or identifying specific limitations. Since Ms. Owens did not submit such a note, the arbitrator found that she was not cleared for work at any point during her termination and therefore did not qualify for back pay covering that time.

## II. DISCUSSION

A decision of an arbitrator is given the same standard of review as a decision of the Merit Systems Protection Board ("MSPB"). 5 U.S.C. § 7121 (f). This court's review

of an appeal from a decision of the MSPB is limited by federal statutory law. See 5 U.S.C. § 7703(c). This court may reverse a decision of the MSPB only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Id.

Ms. Owens did not submit a proper medical work release until September 26, 2008 following the arbitrator's order to do so. We agree with the arbitrator that the August 8, 2007 doctor's note does not qualify as a proper work release, because that note was merely a guarded prediction that she would be capable of returning to work on a part-time schedule in four weeks. The note stated that reassessments would be needed. Ms. Owens provided no documentation of any reassessments.

Ms. Owens argues on appeal that her health insurance was terminated following her removal, precluding her from obtaining the required medical clearance. This excuse is not persuasive, however, because Ms. Owens was required to provide medical clearance upon her return to work on September 10, 2007. There is no evidence that Ms. Owens arrived at work on September 10 with medical clearance, and the evidence of record supports the arbitrator's conclusion that she was not cleared for work at this time. Ms. Owens's arguments to this court rely on the August 8 note as clearing her for full-time work as of September 8. The August 8 note predicted when she would be able to return to work part-time, in accordance with her supervisor's June 6 request, but it did not clear her for work on September 8.

We affirm the decision of the arbitrator denying Ms. Owens back pay. The arbitrator correctly found that Ms. Owens is not entitled to back pay because there is no evidence that she was medically cleared to return to work.

## COSTS

Each party shall bear its own costs.